1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN S. RHINE,                          )          No. C 07-4729 JF (PR)
                                        )
                    Petitioner,         )          ORDER OF DISMISSAL
                                        )
                                        )
   vs.                                  )
                                        )
CDC, et al.,                            )
                                        )
                    Respondents.        )
_____)

18    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  In the petition, Petitioner alleges that a private law firm did

20   not include his personal complaints in a lawsuit against the California Department of

21   Corrections and Rehabilitation.  Petitioner also alleges claims concerning the conditions

22   of his confinement at the California Mens Colony in San Luis Obispo, California.

23    The Supreme Court has declined to address whether a challenge to a condition of

24   confinement may be brought under habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6

25   (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519

26   U.S. 918 (1996).  However, the Ninth Circuit has held that "habeas jurisdiction is absent,

27   and a § 1983 action proper, where a successful challenge to a prison condition will not

28   necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859

1  (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely"

2  accelerate the prisoner's release on parole, must be brought in a habeas petition).  The

3  preferred practice in the Ninth Circuit has been that challenges to conditions of

4  confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d

5  573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of

6  confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming

7  dismissal of habeas petition on basis that challenges to terms and conditions of

8  confinement must be brought in civil rights complaint).

9      Accordingly, the Court dismisses this habeas action because Petitioner's claims do

10  not challenge the legality of his conviction or sentence.  The Court notes that Petitioner's

11  claims against a private law firm are not cognizable under § 1983.  Petitioner claims

12  concerning the conditions of his confinement are more appropriately addressed in a civil

13  rights complaint pursuant to 42 U.S.C. §1983.

14                          **CONCLUSION**

15      The instant petition for writ of habeas corpus is DISMISSED without prejudice.

16  Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to

17  42 U.S.C. §1983.  The Court notes that if Petitioner re-files his claims in a civil rights

18  action pursuant to 42 U.S.C. § 1983, he should file his complaint in the United States

19  District Court for the Central District of California, the appropriate venue for claims that

20  occurred at the California Mens Colony in San Luis Obispo, California.  The Clerk shall

21  terminate any pending motions and close the file.

22      IT IS SO ORDERED.

23  DATED: 9/19/07                          _____

24                                          JEREMY FOGEL
                                            United States District Judge

25

26

27

28

1  A copy of this ruling was mailed to the following:

2

3  John S. Rhine
   F-25840
   California Mens Colony -West
4  P.O. Box 8101
   San Luis Obispo, CA  93401
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28